IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **D. REYNOLDS, LP,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:23-CV-311-L** |
| | § | |
| **AGCS MARINE INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| Defendant. | § | |

# ORDER

For the reasons that follow, the court *sua sponte* **remands** this action to state court.

On March 3, 2023, AGCS Marine Insurance Company ("Defendant") was directed to file an amended or supplemental notice of removal by March 17, 2023, that cured the jurisdictional deficiencies identified in the court's order. The court warned that Defendant's failure to do so would result in the *sua sponte* remand of this action to state court for lack of jurisdiction. On March 13, 2023, Defendant filed an Amended Notice of Removal, but this document does not cure all of the jurisdictional deficiencies previously identified by the court in that it does not contain sufficient factual allegations from which the court can determine the citizenship of certain individuals. Specifically, regarding the citizenship of D. Reynolds, LP ("Plaintiff"),[*] Defendant identifies the four individual members of Plaintiff's general partner, D. Reynolds GP, LLC. Defendant also alleges that D. Reynolds Company, LP and D. Reynolds GP, LLC merged into D. Reynolds Newco, LLC in 2007, and that D. Reynolds Newco, LLC's two individual members, like the members of D. Reynolds GP, LLC, all have "addresses" in Fort Worth, Texas.

---

[*] Defendant clarifies that the correct name of Plaintiff is D. Reynolds Company, LP.

**Order – Page 1**

As explained in the court's prior order, a natural person or individual is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citation omitted).

A person's address could be the place where the person resides and intends to remain indefinitely. Without more information, though, an address is insufficient and would require the court to impermissibly speculate whether the persons identified in the Amended Notice of Removal are also domiciled in Texas. The existence of diversity jurisdiction, however, cannot be premised on speculation; rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). Moreover, a federal court must presume that an action lies outside its limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted).

Because Defendant has not satisfied its burden of establishing the existence of subject matter jurisdiction based on diversity of citizenship, the court necessarily presumes that this action lies outside its limited jurisdiction, and that it lacks subject matter jurisdiction to entertain it. *See id.* The court, therefore, *sua sponte* **remands** this action for lack of subject matter jurisdiction to the 160th Judicial District Court, Dallas County, Texas, from which it was removed, and **directs** the clerk of the court to effect the remand in accordance with the usual procedure.

**It is so ordered** this 23rd day of March, 2023.

                                                _____
                                                Sam A. Lindsay
                                                United States District Judge